IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN HARMS, ) | |
| ) | |
| Plaintiff, ) | No. 09 C 964 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MICHAEL ASTRUE, Commissioner, ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Steven Harms has filed a four-count amended complaint against his former employer, the Social Security Administration, alleging retaliation and discrimination based on race, gender, and age. Counts I, II, and IV, alleging that plaintiff was not selected for promotions because of his race and gender and out of retaliation, were brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. Count III, alleging that plaintiff was not selected for promotions because of his age, was brought under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, *et seq*. Defendant has filed a motion for summary judgment on all counts. For the reasons discussed below, the motion for summary judgment is granted in part and denied in part.

**FACTS**

In considering a motion for summary judgment, the court draws "all reasonable inferences from undisputed facts in favor of the nonmoving party and [views] the disputed evidence in the light most favorable to the nonmoving party." Harney v. Speedway SuperAmerica, LLC, 526 F.3d 1099, 1104 (7th Cir. 2008). The following facts are taken from

the complaint and from the parties' statements of facts and accompanying exhibits as to which there is no material dispute.

Plaintiff is a white male born on June 6, 1949.[1] He was hired as a benefits authorizer by defendant in 1973, and he has since held several different positions. From 1988 to 1998, he was an assistant module manager. He was a management support specialist from 1998 until he was promoted to a temporary module manager position in 2009. Plaintiff has held two positions as a temporary manager: 120 days as module manager and one year as chief of the debt management section.

Plaintiff's claims relate to eleven non-selections: Vacancy DH-07-059 (David Turner–50 year old African American male; Bertha Wyatt–58 year old African American female); Vacancy DH-07-314-153709 (Patricia Duke Smith–over 40 year old African American female); Vacancy DH-07-314-153810 (Glenda Finner–51 year old African American female; Gwendolyn Robinson–54 year old African American female); Vacancy SI-166020-08-DH-07-467 (Glenda Finner; Beatrice Sziler–52 year old Hispanic female; Rosaura Velez–35 year old Hispanic female); Vacancy SI-230568-09-IVOL-DS-087 (Yvonne Veal–54 year old African American female); Vacancy DH-090 (Mary Herring-Pettis–53 year old African American female); and Vacancy SI-246719-09-IVOL-DS-206 (Mary Herring-Pettis).

There were five selecting officials: Sandra Bennett (58 year old African American female); Sheila Sepanski (68 year old Caucasian female); Mark Rekoske (57 year old Caucasian male); Margaret Sletten (44 year old Caucasian female); and Barbara Gilbert (54 year old

---

[1]Plaintiff was between the ages of 58 and 60 when he was not selected for the promotions relevant to the instant case.

African American female). Bennett made one selection, Sepanski made three, Rekoske made two, Sletten made two, and Gilbert made three.

## **DISCUSSION**

**Legal Standard**

Summary judgment is appropriate if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Village Church v. Village of Long Grove, 468 F.3d 975, 988 (7th Cir. 2006). The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits that demonstrate an absence of material fact. See Celotex, 477 U.S. at 323 (1986). The burden then shifts to the nonmoving party to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When reviewing a summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court's role "is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439, 443 (7th Cir. 1994).

**Analysis**

**Title VII (Counts I, II, and IV)**

To prevail on a discrimination claim, plaintiff may meet his burden of proof by establishing intentional discrimination through direct or circumstantial evidence of discriminatory intent, Senner v. Northcentral Technical College, 113 F.3d 750, 754 (7th Cir.

1997), or through the indirect burden-shifting method established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

In the instant case, defendant concedes that plaintiff can establish a prima facie case of racial discrimination (Count I) for each selection, since none of the promoted candidates were white. Defendant further concedes that plaintiff can establish a prima facie case of gender discrimination (Count II) for all but one of the selections. Plaintiff cannot establish discriminatory intent in the selection of David Turner, the only male candidate promoted, through direct or circumstantial evidence[2] or through the indirect burden-shifting method.[3] Thus, plaintiff cannot establish a prima facie case of gender discrimination for the selection of David Turner under vacancy announcement DH-07-059, and defendant's motion for summary judgment is granted as to gender discrimination in this selection. Finally, defendant concedes that plaintiff can establish a prima facie case of retaliation (Count IV) for each selection. The thrust of defendant's arguments as to Counts I, II, and IV is that it is entitled to summary

---

[2]"Direct evidence is evidence that, if believed by the trier of fact, would prove discriminatory conduct on the part of the employer without reliance on inference or presumption." Cerutti v. BASF Corp., 349 F.3d 1055, 1061 (7th Cir. 2003). Direct evidence "requires an admission by the decisionmaker that his actions were based upon the prohibited animus." Rogers v. City of Chicago, 320 F.3d 748, 753 (7th Cir. 2003) (quoting Radue v. Kimberly-Clark Corp., 219 F.3d 612, 616 (7th Cir. 2000)). Circumstantial evidence is "evidence that allows a jury to infer intentional discrimination by the decisionmaker." Rogers, 320 F.3d at 753.

[3]Under the indirect burden-shifting method, plaintiff must show that: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) other similarly-situated employees who were not members of the class were treated more favorably. See McDonnell Douglas, 411 U.S. 792; Koski v. Standex Int'l Corp., 307 F.3d 672, 676 (7th Cir. 2002).

judgment because it has offered legitimate business reasons for the selection of other employees over plaintiff, and plaintiff cannot demonstrate that those reasons are pretextual.

Once a plaintiff has established a prima facie case, the employer must then produce evidence of a legitimate, non-discriminatory reason for the adverse employment action. Adreani v. First Colonial Bankshares Corp., 154 F.3d 389, 394 (7th Cir. 1998). In the instant case, defendant argues that: (1) the selecting officials believed that the selected candidates were most qualified or best suited for the positions; (2) the officials perceived plaintiff as qualified, but not the most qualified for the positions; and (3) many of the officials had worked with plaintiff or observed his work, and they viewed him as too friendly or familiar with his employees and as having trouble confronting employees or implementing unpopular management decisions.

Although plaintiff denies these reasons in his response to defendant's statement of facts, the denials are argumentative and unsupported by citations to the record. Plaintiff generally responds: "Deny. [The selecting official] made these statements under oath, but no other evidence is offered to demonstrate their truthfulness. The statements are a pretext for making promotion decisions based on gender, race, age, and prior EEOC activity." In these instances, the court treats the facts stated by defendants as admitted. See L.R. 56.1(a), (b)(3)(B); McGuire v. United Parcel Service, 152 F.3d 673, 675 (7th Cir. 1998) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission.").

David Turner, Bertha Wyatt, Glenda Finner (Vacancy SI-166020-08-DH-07-467), Beatrice Sziler, Rosaura Velez, and Yvonne Veal were more highly recommended by their

superiors than plaintiff. Specifically, plaintiff was not "highly recommended" by his manager, Sheila Sepanski, for all six selections. In at least three of these six selections, the selecting official based the promotion, in part, on personal knowledge.[4]

For the remaining five selections, the promoted employees and plaintiff were "highly recommended." The selecting officials based the promotions, in part, on personal knowledge. Mark Rekoske's selection of Patricia Duke Smith, even though Smith and plaintiff were both highly recommended for the position, does not suggest his reasons were pretextual. Rekoske had observed Smith's work and liked her performance. Moreover, Rekoske is a white male, 57 years old at the time he made the selection. "While not dispositive, [the Seventh Circuit] has found it significant that individuals alleged to have discriminated [] were themselves members of the protected class." Richter, 142 F.3d at 1032.

Three candidates for Vacancy DH-07-314-153810 (plaintiff, Glenda Finner, and Gwendolyn Robinson) were all "highly recommended" for the position. Margaret Sletten, the selecting official, had previously managed Finner, interacted with Robinson, and "recalled that Harms had been the acting debt management section chief when that section failed to timely submit a report."

Shelia Sepanski selected Mary Herring-Pettis on two occasions (Vacancies DH-090 and SI-246719-09-IVOL-DS-206). Sepanski was familiar with Herring-Pettis's work and had been plaintiff's manager. For both selections, Sepanski highly recommended plaintiff, yet declined to

---

[4]Sandra Bennett had worked with plaintiff (Vacancy DH-07-059), Mark Rekoske had a "personal opinion" of plaintiff (Vacancy SI-166020-08-DH-07-467), and Barbara Gilbert had worked with Yvonne Veal (Vacancy SI-230568-09-IVOL-DS-087). Bennett worked with plaintiff for only one year in or about 1990 to 1991.

promote plaintiff. Sepanski was also responsible for the selection of Bertha Wyatt who, as mentioned previously, was more highly recommended than plaintiff for Vacancy DH-07-059.

In his response, plaintiff argues that defendant's reasons are subjective and unverifiable. Plaintiff further argues that defendant's selection process is completely subjective and allows unmitigated bias. Subjectivity, however, does not necessarily mean that "it is more likely than not" that defendant discriminated against plaintiff, as defendant argues.

"[U]se of a subjective, even arbitrary, selection process is not proof of discrimination." Diettrich v. Northwest Airlines, Inc., 168 F.3d 961, 966 (7th Cir. 1999) (citations omitted). Moreover, a plaintiff bears the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against him. See Hughes v. Brown, 20 F.3d 745 (7th Cir. 1994). In the instant case, plaintiff's arguments concerning the selection process suggest only that defendant might have had a flawed selection process, not a discriminatory motive.

If an employer offers a legitimate, non-discriminatory reason for the adverse employment action, the burden shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext. Adreani, 154 F.3d at 394. The Seventh Circuit has defined pretext as "more than a mistake on the part of the employer; pretext 'means a lie, specifically a phony reason for some action.'" Wolf v. Buss (America), Inc., 77 F.3d 914, 919 (7th Cir. 1996), cert. denied, 519 U.S. 866 (quoting Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir. 1995)).

A plaintiff can demonstrate that the defendant's proffered reasons are pretextual in one of two ways: "(1) by showing that a discriminatory reason more likely than not motivated the employer (i.e. that the company's proffered reasons were not the sole determining factors)" or (2) "that the employer's proffered explanation is unworthy of credence." Kralman v. Illinois

7

Dep't of Veteran's Affairs, 23 F.3d 150, 156 (7th Cir. 1994), cert. denied, 513 U.S. 948. "In essence, the plaintiff must demonstrate either that the real reason for [the adverse employment action was race, gender, or retaliation] or that the stated reason is unworthy of belief." Richter v. Hook-SupeRx, 142 F.3d 1024, 1030 (7th Cir. 1998). For purposes of defeating summary judgment, a plaintiff need only produce evidence from which a rational fact finder could infer that the defendant's proffered reason was pretextual.

"[W]here an employer's proffered non-discriminatory reason for its employment decision is that it selected the most qualified candidate, evidence of the applicants' competing qualifications does not constitute evidence of pretext unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue." Millbrook v. IBP, Inc., 280 F.3d 1169, 1180 (7th Cir. 2002) (citation omitted). An exception to this standard occurs where the employer offers conflicting reasons or the record conflicts with the reasons. See, e.g., David v. Caterpillar, Inc., 324 F.3d 851, 862 (7th Cir. 2003).

For the most part, plaintiff does not show that a discriminatory reason more likely than not motivated the selecting officials or that defendant's stated reasons for its selections are unworthy of belief. Nevertheless, the record reveals issues of material fact precluding summary judgment on all counts. With respect to particular selections, a rational fact finder could find that the defendant's proffered reasons were pretextual.

Although characteristics of the selecting officials and the selected candidates make certain selections more suspect, the court cannot infer discrimination from the mere existence of these characteristics without supporting facts. In an additional statement of facts, plaintiff offers

8

information to suggest that the selected candidates were not as qualified as plaintiff. Defendant admits many of these additional facts for purposes of summary judgment. As defendant notes, many of plaintiff's additional facts are supported by plaintiff's affidavit.

With respect to racial discrimination, the court further considers seven selections—those made by selecting officials Sandra Bennett (one selection), Barbara Gilbert (three selections), and Sheila Sepanski (three selections). Bennett selected an African American individual, and Gilbert selected two Hispanic individuals and an African American individual.

Despite plaintiff's comparison of David Turner's qualifications to his own and discussion of Bennett's limited personal knowledge of plaintiff's work, the evidence does not suggest that the "differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified."

For all of Gilbert's selections, plaintiff was not as highly recommended for the positions as the employees who were ultimately promoted. Gilbert was able to directly compare Yvonne Veal and plaintiff in that Veal was highly recommended by Sepanski while plaintiff was recommended by Sepanski (Vacancy SI-230568-09-IVOL-DS-087). Moreover, Gilbert had worked with Veal. Gilbert's selection of two Hispanic females (Beatrice Sziler and Rosaura Velez) does not suggest discrimination without persuasive supporting evidence.

Sepanski made three selections of two employees, both of whom were African American females with a five year age difference. No other selecting official made this number of selections of employees with such similar characteristics. In the two selections of Mary Herring-Pettis, plaintiff was highly recommended for the positions by Sepanski.

9

In plaintiff's additional statement of facts, he states that Herring-Pettis "had no previous experience as a manager," while he had "an outstanding record of performing these functions for a period of more than two decades." Although defendant states that Herring-Pettis was selected in part because of her "great rapport with employees," plaintiff states (and defendant admits) that she "basically went to her office each day [letting others run the module]" and "had very little interaction with any of the employees in the module, so there was no way any rapport could exist." Even though Herring-Pettis "never provided feedback to an employee," defendant states that Sepanski selected her in part because she "did not hesitate to tell employees when they needed to improve their performance, which were [essential skills] to any good manager." Plaintiff's assertion that Herring-Pettis does not use proper grammar, spelling, or punctuation is less persuasive than the admissions regarding her performance in light of the selection criteria emphasized by defendant. A rational fact finder could find that the defendant's proffered reasons were pretextual.

With respect to gender discrimination, the court further considers eight selections—those made by selecting officials Sheila Sepanski (three selections), Margaret Sletten (two selections), and Barbara Gilbert (three selections). These three selecting officials consistently promoted a female employee over plaintiff.

As discussed previously, a rational fact finder could find that the defendant's proffered reasons were pretextual with respect to Sepanski's three selections. Sletten selected Glenda Finner and Gwendolyn Robinson over plaintiff, even though all were highly recommended for the position. Although Sletten had not worked with plaintiff, she knew of an incident in which plaintiff failed to timely submit a report. In his statement of additional facts, plaintiff states that

he and Finner had served as managers in the same module for about a year and that plaintiff's "managerial abilities otherwise far outdistanced those of Finner." Plaintiff mentions daily reports and overflow work. The court finds that a jury could conclude that the defendant's proffered reasons were pretextual. Finally, as discussed previously, Gilbert's selection of Yvonne Veal, Beatrice Sziler, and Rosaura Velez does not suggest discrimination.

With respect to retaliation, the court further considers five selections—those made by Sheila Sepanski (three selections), Mark Rekoske (Vacancy SI-166020-08-DH-07-467), and Margaret Sletten (selection of Gwendolyn Robinson for Vacancy DH-07-314-153810). In making these promotions, the selecting officials were aware of plaintiff's prior EEO activity. All three deny that the selections were made in retaliation, and the evidence does not suggest otherwise.

For example, Sletten declined to select plaintiff for promotion even before she became aware of his prior EEO activity (selection of Glenda Finner for Vacancy DH-07-314-153810). Rekoske's knowledge of plaintiff's EEO complaint against him is not enough to prove retaliation. For that selection, plaintiff was not as highly recommended as Glenda Finner, and Rekoske had declined to promote plaintiff when he was unaware of the EEO activity (Vacancy DH-07-314-153709) even though plaintiff was highly recommended for that position. Finally, although Sepanski heard a remark similar to "you know, he'll probably file again, probably file a discrimination thing again," this does not show that Sepanski retaliated against plaintiff.

Defendant's motion for summary judgment is granted as to Counts I and II except with respect to: Count I (racial discrimination)—Vacancy DH-07-059, Vacancy DH-090, and Vacancy SI-246719-09-IVOL-DS-206; Count II (gender discrimination)—both selections for

11

Vacancy DH-07-314-153810, Vacancy DH-07-059, Vacancy DH-090, and Vacancy SI-246719-09-IVOL-DS-206. Summary judgment is granted as to Count IV.

**The ADEA (Count III)**

The ADEA prohibits an employer from discriminating against an employee "with respect to his compensation, terms, conditions, or privileges of employment" because of his age when the employee is over forty years old. 29 U.S.C. §§ 623(a)(1), 631(a). To prove his claim, a plaintiff must show that he would not have suffered an adverse employment action but for his age. Fuka v. Thomson Consumer Elecs., 82 F.3d 1397, 1402 (7th Cir. 1996). As with Title VII claims, a plaintiff may prove his age discrimination claim through the use of direct or circumstantial evidence. McCoy v. WGN Cont'l Broad. Co., 957 F.2d 368, 371 n.2 (7th Cir. 1992); Oxman v. WLS-TV, 846 F.2d 448, 452 (7th Cir. 1988) (citations omitted). Alternatively, a plaintiff may prove his case indirectly through the McDonnell Douglas burden-shifting method, under which he must show that: (1) he was a member of the protected age group; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) a younger, similarly-situated employee was treated more favorably. See Denisi v. Dominick's Finer Foods, Inc., 99 F.3d 860, 864 (7th Cir. 1996).

Plaintiff does not offer direct or circumstantial evidence to prove his age discrimination claim. With respect to the McDonnell Douglas burden-shifting method, the parties dispute only whether the selections were "younger, similarly-situated employees" under the ADEA even though eight of the nine employees were over 40 years old. Specifically, defendant argues that plaintiff fails to establish a prima facie case of age discrimination for the ten selections involving those eight employees in the protected age group. Although Rosaura Velez was 35 years old at

12

the time of her selection, the other employees were 58, 54,[5] 53,[6] 52, 51,[7] 50, and "over 40" years old.

In his response, plaintiff relies on O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996).[8] A "younger, similarly-situated employee" need not be outside the protected age group if that employee is "substantially younger" than the plaintiff. Denisi, 99 F.3d at 864. "The Seventh Circuit has defined 'substantially younger' as generally ten years younger." Balderston v. Fairbanks Morse Engine Div. of Coltec Industries, 328 F.3d 309, 322 (7th Cir. 2003) (citing Hartley v. Wisconsin Bell, Inc., 124 F.3d 887, 893 (7th Cir. 1997)). Discussing O'Connor, the Seventh Circuit in Hartley found that although a ten-year disparity is "presumptively substantial," it is not dispositive:

> In cases where the disparity is less, the plaintiff still may present a triable claim if she directs the court to evidence that her employer considered her age to be significant. In that instance, the issue of age disparity would be less relevant. Indeed, it may not be relevant at all because the employee's case likely would be one of direct evidence, not the burden-shifting indirect evidence framework set out in McDonnell Douglas and applied in O'Connor.[9]

In the instant case, at least[10] six of the nine employees (comprising eight selections) were less than ten years younger than plaintiff. These age gaps are presumptively insubstantial, and

---

[5]Gwendolyn Robinson and Yvonne Veal.

[6]Mary Herring-Pettis (Vacancies DH-090 and SI-246719-09-IVOL-DS-206).

[7]Glenda Finner (Vacancies DH-07-314-153810 and SI-166020-08-DH-07-467).

[8]"[T]he fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class."

[9]Hartley, 124 F.3d at 893.

[10]Although David Turner was likely less than ten years younger than plaintiff, the court assumes that he was exactly ten years younger for purposes of this discussion.

the record does not reveal that defendant considered plaintiff's age to be significant. The parties do not dispute that the selecting officials for several of these promotions did not know the candidates' ages.[11] Moreover, for all of these promotions, there is no evidence that plaintiff's age actually motivated defendant's decisions not to promote plaintiff. Faas v. Sears, Roebuck & Co., 532 F.3d 633, 641 (7th Cir. 2008). Defendant's motion for summary judgment is granted as to age discrimination in these eight selections.

The other three employees (comprising three selections) were 50, "over 40," and 35 years old. As to these selections, defendant argues that it is entitled to summary judgment because it has offered legitimate business reasons, and plaintiff cannot demonstrate that those reasons are pretextual.

As the court stated above, "where an employer's proffered non-discriminatory reason for its employment decision is that it selected the most qualified candidate, evidence of the applicants' competing qualifications does not constitute evidence of pretext unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue." Millbrook, 280 F.3d at 1180. Plaintiff must prove that he suffered an adverse job action because of his age. "And when the case is an indirect one, the employer wins if its reasons were not successfully called into question." Hartley, 124 F.3d at 893.

---

[11]The officials who selected Glenda Finner, Gwendolyn Robinson, Beatrice Sziler, and Mary Herring-Pettis did not know their ages. (The official who selected Glenda Finner for Vacancy SI-166020-08-DH-07-467 did not know her age, but "believed her to be slightly younger" than plaintiff. The official who selected Mary Herring-Pettis for both vacancies did not know her age, but knew she was over 40 years old.)

In the instant case, the three selections of the 50, "over 40," and 35 year old employees were made by Sandra Bennett, Mark Rekoske, and Barbara Gilbert. Both Rekoske and Gilbert made more than one selection, but only one of Rekoske's selections and one of Gilbert's selections are suspect.

Plaintiff has not called into question defendant's reasons with respect to defendant's promotion of the three employees. As discussed previously, the evidence does not suggest that the defendant's proffered reasons were pretextual with respect to Bennett's selection of David Turner. Rekoske selected a younger employee (Patricia Duke Smith) for Vacancy DH-07-314-153709, even though Rekoske once lost a promotion to a younger employee and Rekoske is basically plaintiff's age. Although Rekoske had never worked with plaintiff, Rekoske had personal knowledge of Duke Smith's work. Finally, Gilbert's selection of a 35-year-old, without more, does not suggest discrimination. Velez was highly recommended for the position, while plaintiff was not, and Gilbert is much closer in age to plaintiff. Defendant's motion for summary judgment is granted as to Count III.

## **CONCLUSION**

For the reasons discussed above, defendant's motion for summary judgment is granted as to Counts I, II, III, and IV except with respect to: Count I (racial discrimination)—Vacancy DH-07-059, Vacancy DH-090, and Vacancy SI-246719-09-IVOL-DS-206; Count II (gender discrimination)—both selections for Vacancy DH-07-314-153810, Vacancy DH-07-059, Vacancy DH-090, and Vacancy SI-246719-09-IVOL-DS-206. This matter is set for a report on status November 16, 2010, at 9:00a.m.

**ENTER:** **November 2, 2010**

_____
**Robert W. Gettleman
United States District Judge**